IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS E. BALKE, TEBJES INC. d/b/a BASIC EQUIPMENT, and ULTRAWAVE TECHNOLOGY FOR EMULSION CONTROL, LLC d/b/a ULTRATEC, LLC, | § § § § § § | |
| Appellants, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-313 |
| DON B. CARMICHAEL, KK & PK FAMILY, L.P., BARRY D. WINSTON, and GARY EMMOTT, | § § § § § | |
| Appellees. | § | |

**MEMORANDUM AND ORDER**

This Memorandum and Order resolves several motions. On July 30, 2019, the court issued a Memorandum and Order dismissing the appeal filed by Thomas E. Balke, Basic Equipment, and Ultratec, LLC from the bankruptcy court's order excluding certain items from the designated appellate record in the related appeal, Civil Action No. H-18-731, from the underlying Bankruptcy Adversary Proceeding No. 14-3375. (Docket Entry Nos. 29, 30).[1] On August 8, the appellants filed an emergency motion to extend the time to move for a rehearing of this court's order dismissing the appeal about the record items. (Docket Entry No. 31). The appellees, Don B. Carmichael, KK & PK Family, L.P., Barry D. Winston, and Gary Emmott, responded, and the appellants replied; moved to stay and for a rehearing of the court's dismissal order; and moved to extend the deadline to file their notice of appeal. (Docket Entry Nos. 32–35). The appellees responded, and the appellants appealed the dismissal order. (Docket Entry Nos. 36, 37). The

---

[1] Civil Action No. H-18-731, the first appeal in this case, is from the bankruptcy court's January 31, 2018, findings of fact and conclusions of law and from other orders in that adversary proceeding.

appellees moved to strike and exclude from the Fifth Circuit appellate record in this case, Civil Action No. H-19-313, all the docket entries in Civil Action No. H-18-731; the appellants responded; and the appellees replied. (Docket Entry Nos. 41–43).

Based on a careful review of the filings, the record, and the applicable law, the court: (1) grants the appellants' motion to extend the time to move for rehearing, making the appellants' rehearing motion timely; (2) denies the appellants' motion for rehearing; (3) denies as moot the appellants' motion to stay the dismissal order and to extend the deadline to file their notice of appeal; and (4) denies the appellees' motion to strike. The reasons are set out below.

## I. The Motion to Extend the Time to Move for Rehearing

Federal Rule of Bankruptcy Procedure 8022, formerly Rule 8015, governs motions for rehearing. A party seeking rehearing of a district court's order must file the motion "within 14 days after entry of judgment on appeal." FED. R. BANKR. P. 8022(a)(1). The court may extend that deadline for cause under Bankruptcy Rule 9006(b)(1) if the party moves to extend the deadline before the deadline expires. FED. R. BANKR. P. 9006(b)(1).

The court entered judgment on July 30, 2019. (Docket Entry No. 30). The 14 days for filing a motion for rehearing expired on August 13, 2019. (*See id.*). The appellants moved on August 8, 2019, for an additional 14 days to file their motion. (Docket Entry No. 31). They explained that their counsel's "professional and personal obligations," including preparing for a deposition in a state-court matter, refiling a motion in the underlying adversary proceeding in the bankruptcy court, and attending a multiparty arbitration in another state, combined to prevent a timely filing. (*Id.* at 1–3).

The court holds that there is cause to extend the deadline for the appellants to move for rehearing of the dismissal order. The motion to extend the time, (Docket Entry No. 31), is granted, making the motion for rehearing filed on August 27, 2019, (Docket Entry No. 35), timely.

The appellees objected that this extension would "delay[] the finality of this appeal." (Docket Entry No. 32 at 2). Because the court also denies the rehearing motion—for the reasons explained below—this objection is moot.

## II. The Motion for Rehearing

Bankruptcy Rule 8022 requires a motion for rehearing to "state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." FED. R. BANKR. P. 8022(a)(2). Rule 8022 does not define when rehearing is appropriate, but the Fifth Circuit stated in an unpublished opinion that "a [rehearing] motion may be granted to correct a 'mistaken use of facts or law' in the prior decision." *In re Mar. Commc'ns/Land Mobile L.L.C.*, 745 F. App'x 561, 562 (5th Cir. 2018) (per curiam); *see also In re Coleman*, No. 15-569, 2015 WL 7101129, at *1 (E.D. La. Nov. 13, 2015) ("[T]he standard is simply whether the Court would have reached a different result had it been aware of its mistaken use of facts or law.").

The appellants contend that a district court may consider items from the general bankruptcy case record, as opposed to only the record for the matter, ruling, or order on appeal, to establish relevant facts, including "that a party took a certain position" and "that certain judicial findings, allegations, or admissions were made." (Docket Entry No. 35 at 11, 13–14 (quoting *In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205 (3d Cir. 1995))). The appellants argue that this is an exception to the general rule that "items not admitted into evidence [in the bankruptcy proceeding on appeal] must have been actually considered by the bankruptcy court to be included in the

3

appellate record." (*Id.* at 11–13; *see* Docket Entry No. 29 at 24–26 (summarizing authorities on the general rule)). The appellants contend that, under the exception, they have the right on appeal to use transcripts of the testimony of Alan Springer, who was Chief Executive Officer, Chief Financial Officer, and Chair of the Board of Directors of the debtor, Imperial Petroleum. (Docket Entry No. 29 at 2; Docket Entry No. 35 at 14–15). The appellants assert that they have the right to argue that some of the bankruptcy judge's findings, which allegedly undermine the judge's later rulings, were based on Springer's testimony. (Docket Entry No. 35 at 6–8, 14–15). The appellants claim that because "the appeal asserts that the Plaintiff/Appellees (as assignees of the trustee) are bound by [Imperial Petroleum's] judicial and factual admissions, and [the] trustee's previous positions as to the value of the estate assets[,] . . . the excluded transcripts revealing those positions are relevant and must be included in the [appellate] record." (*Id.* at 3). The appellants contend that the excluded testimony shows that they did not violate the automatic stay and that the damages the bankruptcy court awarded were "ludicrous." (*Id.* at 9, 14–15).

The appellants' argument is unpersuasive. The Third Circuit case on which they rely, *In re Indian Palms Associates, Ltd.*, 61 F.3d 197 (3d Cir. 1995), does not help them. The Third Circuit stated that district courts cannot consider items from the general bankruptcy case record "to determine disputed facts relating to the merits of the case . . . ." *Id.* at 205. "[E]ach litigant should be given a fair opportunity to rebut and put into perspective the evidence admitted against its position," which requires "that the facts relating to the merits of the case will be decided on the basis of evidence admitted into the *trial* record." *Id.*

The Third Circuit's reasoning supports denying the appellants' request for rehearing. First, because Springer's testimony was not in the adversary-proceeding trial record, the appellees had no opportunity to rebut that evidence. (Docket Entry No. 29 at 26–27); *see Indian Palms*, 61 F.3d

4

at 205. Second, the appellants want to include Springer's testimony in the appellate record to "determine disputed facts" in order to prevail on the merits. (Docket Entry No. 29 at 30–31); *see Indian Palms*, 61 F.3d at 205. As this court explained in its July 30 Memorandum and Order:

> Balke, Basic Equipment, and Ultratec intend to use Springer's testimony to show that the bankruptcy court erred in finding the ownership and value of Imperial Petroleum's assets. (*See* Docket Entry No. 26 at 42–43, 45–48). These are disputed factual issues material to determining the merits of the bankruptcy court's 2018 final judgment, the 2017 Findings of Fact and Conclusions of Law, and the nine orders on appeal. Even under the lenient "closely related" standard that some courts outside of this circuit have used, courts refuse to allow the parties to designate new items for that purpose.

(Docket Entry No. 29 at 30–31).

The appellants also argue that the general rule requiring evidence in the appellate record to have been considered by the bankruptcy judge should not apply in the context of Federal Rule of Civil Procedure 59(e) motions. (Docket Entry No. 35 at 15). The appellants do not identify a court or case that follows this approach. As this court explained in its July 30 Memorandum and Order:

> This court reviews the bankruptcy court's denial of a party's Rule 59 motion for abuse of discretion. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 181 (5th Cir. 2012). This includes the bankruptcy court's decision not to consider Rule 59 motion evidence that was neither admitted nor considered before the final judgment. *Cf. Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). To decide the Rule 59 issues, the court need not review the content of Springer's testimony transcripts. The documents that have already been designated in the record, including the docket sheets of the bankruptcy case and the adversary proceedings, the motion to vacate and the attachments, and the bankruptcy court's Order denying the motion to vacate, are sufficient.

(Docket Entry No. 29 at 31–32). The motion for rehearing is denied.

### III. The Motion to Stay

The appellants' motion to stay the dismissal order and extend the deadline to file a notice of appeal until September 28, 2019, (Docket Entry No. 34; Docket Entry No. 34-1), is denied as moot. The appellants appealed on August 29, 2019, and September 28 has passed. (Docket Entry No. 37).

### IV. The Motion to Strike

Federal Rule of Appellate Procedure 10(e), which governs correcting and modifying the record submitted to the court of appeals, provides that the district court may correct the record to resolve "difference[s] . . . about whether the record truly discloses what occurred in the district court." FED. R. APP. P. 10(e)(1). The district court may also certify and forward a corrected supplemental record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." FED. R. APP. P. 10(e)(2)(B). "All other questions as to the form and content of the record must be presented to the court of appeals." FED. R. APP. P. 10(e)(3). Because the appellees' motion to strike concerns whether the record contains items that "were not designated as part of the record for this appeal," and the appellees do not dispute that "the record truly discloses what occurred in the district court" or identify a misstatement or omission, the motion to strike appears to belong before the Fifth Circuit. *See* FED. R. APP. P. 10(e); (Docket Entry No. 41 at 2). The motion is denied.

## V. Conclusion

The appellants' motion for an extension of time to move for rehearing, (Docket Entry No. 31), is granted; the appellants' motion for rehearing, (Docket Entry No. 35), is denied; the appellants' motion to stay the dismissal order and extend the deadline to file their notice of appeal, (Docket Entry No. 34), is denied as moot; and the appellees' motion to strike, (Docket Entry No. 41), is denied.

SIGNED on December 4, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge